186 P.2d 852

### YRIBAR v. POWERS et al.

#### No. 7394.

Supreme Court of Idaho.

Nov. 13, 1947.

H. Wm. Furchner, of Blackfoot, for appellant.

George L. Ambrose, of Meridian, and Grant L. Ambrose, of Boise, for respondents.

GIVENS, Justice.

April 11, 1946, respondents, husband and wife, by written contract agreed to sell appellant some 560 acres of land for $12,000; $2,000 paid down, $4,000 in thirty days and $6,000 in ninety days; respondents being allowed to remain in the house on the premises for a reasonable length of time—otherwise, immediate possession going to appellant. After a description of the land, the contract continued thus: "Together with all the tenements, hereditaments and appurtenances, all water and water rights, ditches and ditch rights appurtenant thereto or used in connection therewith." Nothing was stated in the contract with regard to respondents' Forest or Taylor Act grazing rights.

Respondents contend April 19, 1946, they informed appellant they did not intend to be bound by the contract for the reason there had been a complete misunderstanding as to the conveyance of their grazing rights (Forest and Taylor Act, 16 U.S.C.A. § 551; 43 U.S.C.A. § 315 et seq.); that respondents had never intended to convey same, and attempted to hand the unendorsed and uncashed check for $2,000 to appellant, which he did not accept, though it was left in his car, and that he said: "* * * O.K. we will forget it." Appellant denies this and following respondents' refusal to proceed with the contract, brought suit June 8, 1946, for specific performance of the transfer of the land, tendering payment.

The contract in question was prepared by and signed in the office of an attorney in Salmon, who stated he did not recall the grazing rights were mentioned at that time. Respondents testified they were and it was stated and understood the rights were not to pass with the conveyance of the land. Appellant, in effect, denied this, but during the course of the trial, appellant's attorney stated: "* * * we are not bringing a suit for conveyance of grazing rights, but only for land described in the complaint."

A discussion arose at that time by reason of respondents' attempt to show there had been a misunderstanding regarding the contract and that it did not cover the grazing right. The court admitted evidence along these lines: i. e. misunderstanding and mistake, and found: "* * * and that it was part of the agreement between the parties that the Taylor Grazing or U. S.

Grazing Service privilege was not to be included in the transaction and covered by the said agreement, but was reserved by the defendants as Vendors." Also found the contract was not rescinded or abandoned as contended for by respondents, and evidently because there was no allegation in plaintiff's pleadings asking reformation of contract to exclude the grazing privileges, denied specific performance of the contract for transfer of the land.

Appellant concedes there is sufficient evidence in the record to justify the finding of the court that respondents executed the contract under a mistaken belief that the grazing rights were not to be affected by the transfer. Appellant only contends this was not a material mistake, but it was. It thus appears the contract, which the court found was made, was for the transfer of the land only and appellant, both during the course of the trial as indicated above and at the time of the argument, stated unequivocally that was all he was seeking or desires.

Though the grazing authorities testified the grazing rights follow the transfer of the land, the specific performance sought by appellant during the course of the trial, was and now is the transfer of the land alone, without the grazing rights.

Respondents take the position that was what the contract was to be, but were not and are not now willing to go ahead with it and particularly urge that since reformation of the contract was not shown by the pleadings, the court had no jurisdiction to enforce the contract, even as contended for by the respondents and found by the court.

No reformation of the contract as applied to the sale of the land was necessary. Respondents at no time indicated after the signing of the contract and after tender of performance by appellant, they were willing to proceed with the transfer of the land alone, even though all grazing rights be reserved to them as contended for by them. Appellant, on the other hand, during the course of the trial and now, was willing to do so. The absence of pleading reformation of the contract and thus changed enforcement, was therefore unnecessary, because it was already by its agreed terms limited to the sale of the land. Therefore, it is unnecessary to consider whether appellant would be entitled, as a general proposition in equity, to enforcement of the contract as shown upon trial of the case, though different from that alleged by him, without further pleading on his part.

The cause is, therefore, reversed and remanded with instructions to the trial court to render judgment for specific performance as to the transfer of the land only, subject to officially authorized retention by respondents of the grazing privileges. If such retention may not be so accomplished, the judgment to be affirmed. Costs awarded to appellant.

BUDGE, C. J., and HOLDEN, MILLER and HYATT, JJ., concur.